FILED IN OPEN COURT
9/10/26
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26-cr-110-WWB-~~MCR~~ LLL

RYAN MICHAEL BROWN

# PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, Ryan Michael Brown, and the attorney for the defendant, Sabra Barnett, Esq., mutually agree as follows:

## A. Particularized Terms

### 1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with threatening to kill the President of the United States, in violation of 18 U.S.C. § 871(a).

### 2. Minimum and Maximum Penalties

Count One is punishable by a term of up to five years of imprisonment; a fine of up to $250,000; or both a term of imprisonment and a fine; a term of supervised release of up to three years; and a special assessment of $100, which is due at the time of sentencing. A violation of the terms and conditions of supervised release is punishable by up to two additional years of imprisonment, as well as the possibility of an additional term of supervised release.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which the defendant has been charged and to which the defendant is pleading guilty.

The elements of Count One are:

First: the defendant wrote the words alleged to be a threat against the President of the United States;

Second: the defendant understood and meant the words as a true threat; and

Third: the defendant knowingly and willfully wrote the words.

4. Count Dismissed

At the time of sentencing, the remaining count against the defendant, Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses that are known to the United States Attorney's Office at the time of the execution of this agreement, related to the specific conduct described in particularity in the factual basis of this plea agreement.

6. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the

United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

## B. Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make

restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied. On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which the defendant pleads, to respond to comments made by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of

the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. The defendant further understands and acknowledges that any discussions between the defendant or the defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, the defendant will

not be permitted to withdraw the defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal the defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring the

defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of the defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and the defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges the defendant's understanding of the nature of the offense or offenses to which the defendant is pleading guilty and the elements thereof, including the penalties provided by law, and the defendant's complete satisfaction with the representation and advice received from the defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against the defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in the defendant's

defense; but, by pleading guilty, the defendant waives or gives up those rights and there will be no trial. The defendant further understands that if the defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which the defendant pleaded, and if the defendant answers those questions under oath, on the record, and in the presence of counsel (if any), the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement. The defendant also understands that the defendant will be adjudicated guilty of the offenses to which the defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. Factual Basis

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29th day of July 2026.

GREGORY W. KEHOE
United States Attorney

RYAN MICHAEL BROWN
Defendant

KELLI A. SWANEY
Assistant United States Attorney

SABRA BARNETT, ESQ.
Attorney for Defendant

RACHEL E. LASRY
Assistant United States Attorney
Deputy Chief, Jacksonville Division

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26-cr-110-WWB-~~MCR~~ LLL

RYAN MICHAEL BROWN

PERSONALIZATION OF ELEMENTS

**Count One**

1. Do you admit that, on or about April 16, 2026, in the Middle District of Florida, you wrote words alleged to be a threat against the President of the United States, specifically that you would blow up the White House in one week, and transmitted the threat via an online message to "whitehouse.gov?"

2. Do you admit that you understood your words to be a true threat, that is, a serious threat?

3. Do you admit that you knowingly and willfully wrote the words constituting a threat against the President of the United States?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 3:26-cr-110-WWB-~~MCR~~ LLL

RYAN MICHAEL BROWN

## FACTUAL BASIS

In May 2026, the United States Secret Service ("USSS") became aware of two electronic threats that were made against the President of the United States. The threats were posted to the "contact us" portal on the "whitehouse.gov" website with the "contact the president" field selected. The threats were transmitted on or about April 16, 2026, and on or about May 25, 2026. The April 2026 threat listed an address associated with Ryan Michael BROWN and both threats listed an electronic mail address and phone number which both belonged to BROWN.

The April 16, 2026, threat said, in relevant part:[1]

> [g]uess what Donlad Trump/ america, I will blow the white house up in approximately 1 week from today, you need to call off this idiotic war and the whole white house won't go BOOM! THIS IS NOT A JOKE, america would be better off without the government, looks like your about to learn who Ryan motherfucking brown is, I'm about to be your worst nightmare[.]

The May 25, 2026, threat said, in relevant part:

> This is Ryan Michael Brown, and I am here to let you know that I will fucking kill you in cold blood Donald J

---

[1] For the sake of accuracy, the statements have been quoted, in relevant part, exactly as they appear without regard to grammatical or typographical errors.

> TRUMP, and guess what I don't fucking miss you fat fuck, either make these gas prices go down or I will start the biggest riot this world has ever seen and guess what buddy I'mma fuck you and the white house up[.]

Each threat was associated with a different IP address; one IP address was associated with the residence that BROWN was living at during that time, and the other was associated with BROWN's place of employment. A detective with the Putnam County Sheriff's Office interviewed Individual-1, who was in a relationship with BROWN and resided with BROWN at the residence associated with the April 2026 threat. Individual-1 denied making the threats, indicated that no one else resided in the home besides two small children, and confirmed that BROWN was employed at a business located at the address associated with the IP address connected to May 2026 threat.

On June 1, 2026, a special agent with the USSS interviewed BROWN, at which time BROWN admitted writing and transmitting both threats against the President of the United States. BROWN wrote and transmitted both threats from locations in the Middle District of Florida.[2]

---

[2] The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.